In the Matter of Robert R. JACOBS
d/b/a Robert R. Jacobs
Trucking, Debtor.

Robert R. JACOBS d/b/a Robert R.
Jacobs Trucking, Plaintiff,

v.

PACCAR FINANCIAL CORP.,
Defendant.

Bankruptcy No. 81–0434–SJ–13.
Adv. Action No. 81–0856–SJ–13.

United States Bankruptcy Court,
W. D. Missouri,
St. Joseph Division.

June 3, 1981.

As Amended June 26, 1981.

---

Candace J. Barnes, St. Joseph, Mo., for plaintiff.

Donald B. Steele, Kansas City, Mo., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DIRECTING THE DEFENDANT TO TURN OVER TO THE PLAINTIFF A 1979 PETERBILT MODEL 359M27 TRACTOR, SERIAL NUMBER 115963P

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff, a debtor in newly-commenced chapter 13 proceedings in this court, has brought this action for turnover of a 1979 Peterbilt Model 359M27 Tractor, serial number 115963P, which was repossessed from him by the defendant a few days before the filing of the chapter 13 proceedings.

Because of the exigent nature of the action, an expedited hearing was held in the matter on May 28, 1981. At that time, the plaintiff appeared by counsel, Candace Barnes, and the defendant also appeared by counsel, Donald B. Steele, Esquire. The evidence which was then taken demonstrated the following material facts: the defendant has a valid and perfected security interest in the tractor which is the subject of these proceedings. As of the date of the hearing conducted in this action, the unpaid balance which was due to the defendant was the sum of $53,352.00, "plus late charges and repossession expenses." The "payoff" figure was $48,070.48, as of May 30, 1981, "plus late charges and repossession expenses." There is no contradiction in the evidence with respect to these established material facts.

The only conflict in the evidence is in respect of the value of the tractor. The plaintiff testified that the tractor was in "excellent condition" with some 5300 miles on it and, as of the date of repossession, April 28, 1981, (prior to the date of the order for relief in these chapter 13 proceedings, May 1, 1981) and, in his opinion, has a value of $50,000 to $54,000. Defendant's witness, on the other hand, Leo Miles Henry, supervisor of its regional office in Belton, Missouri, stated that the vehicle had a cracked windshield, a damaged front fender, and a damaged saddle tank (all of which would require some $2,000 in repairs at today's prices) and that, in his opinion, the value of the vehicle is $45,000. Mr. Henry also testified without contradiction that currently the plaintiff was in default in his monthly payments of $1482 for the months of April and May 1981 and that there has been a considerable history of default in monthly payments dating from January or February 1980 and that the plaintiff "has never been current to my knowledge."

The plaintiff testified without contradiction, and his testimony in this regard tends to be confirmed by the petition and schedules in this case,[1] that return of the tractor to his custody was necessary to his rehabilitation under the provisions of chapter 13 of the Bankruptcy Code.

*Conclusions of Law*

■ It seems beyond question that the retaking of the secured property within the 90-day period next preceding the order for relief may be nullified as a preference under the provisions of section 547 of the Bankruptcy Code. Under the applicable provisions of that section, the trustee may avoid any transfer of property on account of an antecedent debt made while the debtor was insolvent within 90 days of the date of the filing of the petition for relief "that enables (the) creditor to receive more than such creditor would receive if . . . the case were a case under chapter 7 of this title." Repossession of secured property clearly results in reception by the creditor of greater value when the debtor has an equity in the property which has been repossessed. In this case, despite conflicting opinions as to the value of repossessed tractor, the evidence converges on a finding that the debtor has an equity in the property. The testimony of the debtor that the vehicle's value is as much as $54,000 thereby places a value on the property which is in excess of the balance due the defendant. And, in some respects, his testimony is corroborated by that of the defendant's regional supervisor who indicates that the value of the vehicle would be substantially enhanced if a few minor repairs were made and who does not otherwise contradict any of the plaintiff's testimony supporting his conclusion that the vehicle is in "excellent" condition. It is therefore proper under the governing law for the tractor to be turned over to the debtor who may, under the provisions of section 522(h) of the Bankruptcy Code, en-

force the return of a preference when the trustee does not do so.

■ But, under the law which is applicable in chapter 13 proceedings, in order to prevent reclamation by the creditor, the debtor must make up the arrearages. "(W)here the debtor has an equity in the property, or it is necessary to his performance under the plan and where the creditor's security will not be impaired by the stay, the creditor may be stayed from foreclosing on appropriate conditions to *cure defaults* and *maintain payments* on his claim to the extent that it is secured." 15 Collier on Bankruptcy para. 13–401.01, p. 13–401–4, 13–401–5 (1978). When, as in the action at bar, the value of the property and the balance due the creditor are approximately equal, this must be done as a matter of adequate protection of the secured claimant, as required by section 361 of the Bankruptcy Code. Therefore, the court concludes that reclamation can lawfully be forestalled only through the updating of the arrearages owed to the secured creditor.

■ Finally, it is for the court to determine whether the vehicle should be restored to the debtor pending the hearing on confirmation of the plan of arrangement, which is currently set for July 15, 1981. The court's review of the petition and plan of arrangement discloses a reasonable possibility of rehabilitation.[2] And, further, the creditor will be adequately protected against depreciation in the interim by the court's affixing the requirement that arrearages be updated before turnover is required.

It is therefore, for the foregoing reasons,

■ ORDERED AND ADJUDGED that, upon the plaintiff's payment of arrearages at the rate of $1482 per month up to date, the defendant forthwith turn over to the plaintiff a 1979 Peterbilt Model 359M27 Tractor, serial number 115963P.

1. According to the schedule of monthly income and liabilities, the plaintiff will be able, but only barely, to meet his monthly payments into the plan. If true, however, it would seem that the plan could be confirmed as being within the

plaintiff's ability to perform. But this issue will have to be determined at the confirmation hearing of July 15, 1981.

2. ·See note 1, *supra*.